McLAUGHLIN *vs.* DE YOUNG.—*December,* 1830.

Y sued out a writ in trespass upon the case against M, J R, and S, and filed a declaration, counting upon their note as co-partners. M, only was arrested. At the return term of the writ he pleaded as follows : "And the said M comes and says, that he is in no wise guilty of the trespass aforesaid, as the said Y above, complains against him ; for plea he says, that the said W R, who in the said writ is called J R, one of the defendants, is dead, and that he died before the suing out of the said writ of the said M, to wit, at, &c. and this, &c. Whereupon he prays judgment of the writ aforesaid, and that it may be quashed." HELD, upon special demurrer, that this was a valid plea in abatement.

A plea in abatement of the writ, is one which shows ground for abating or quashing it, without at the same time denying the right of action itself; and if a plea begins in bar, though it contains matter in abatement, it will be treated as a plea in bar.

An informal or repugnant protestation does not on demurrer, vitiate a plea. The death of one of the parties named as defendant in a writ, before the impetration of it, is ground of abatement.

APPEAL from *Baltimore* County Court.

These were actions of *Assumpsit* brought by the appellee, *Meichel De Young*, against *Matthew McLaughlin, John Reed* and *William Simpson*, on the 27th *July*, 1826.

They were founded on promissory notes, which the defendants were alleged in the declarations to have made as co-partners in trade, under the firm of *McLaughlin, Reed and Simpson.*

The writs were returned by the sheriff, " *cepi*" " *Matthew*," "*non est*, the rest."

At the return term, the appellant, *Matthew McLaughlin*, appeared, and filed the following plea. " And the said *Matthew* comes and says, that he is in no wise guilty of the trespass aforesaid, as the said *Meichel* above complains against him, for plea he says, that the said *William Reed*, who in the said writ, is called by the name of *John Reed*, one of the defendants, is dead, and that he died before the suing out of the said writ of the said *Meichel*, to wit, at *Baltimore* county aforesaid, and this he is ready to verify ; wherefore he prays judgment of the writ aforesaid, and that it may be quashed, &c."

The plaintiff demurred specially to this plea. 1st. " That it is defective in this, that it concludes by praying judgment of the writ, and that the same may be quashed, &c. whereas, it ought to have concluded by praying judgment, if the court will proceed any further." 2d. " That in it the said defendant says, that he is in no wise guilty of the trespass aforesaid, and it appears from the proceedings had before the said plea was put in, that the cause of action was in case, sounding in *assumpsit*, and not in trespass." 3d. " That it is double in this, that it alleges that the said defendant was not guily of the trespass aforesaid, and also, that the said *William Reed*, who in the said plea, is called *John Reed*, died before the suing out of the said writ."

4th. " That it is both in bar, and abatement." 5th. That it begins as a plea in bar."

The defendant joined in demurrer, and the judgments of the County Court being against him, he prosecuted the present appeals.

The causes were argued before BUCHANAN, Ch. J., and EARLE, MARTIN, STEPHEN, and DORSEY, J.

*Scott,* for the appellant, contended, that as the sufficiency of the subject matter of the plea, was admitted by the demurrer, the only question was, is it well pleaded in point of form? and he insisted that it was properly pleaded.

*Gill,* for the appellee, referred to 2 *Harr. Ent.* 301. 1 *Chitty's Plead.* 445. 1 *Saund. Plead. Ev.* 13. 1 *Stephens' Plead.* 65, 66. 1 *Chitty's Plead.* 439, 440, 450, 445, 446. 2 *Saund. Rep.* 209, a (*note.*) 3 *Term Rep.* 185.

BUCHANAN, Ch. J., delivered the opinion of the court.

A plea in abatement of the writ, is one which shows ground for abating or quashing it, without at the same time denying the right of action itself; and if a plea begins in bar, though it contains matter in abatement, it will be treated as a plea in bar. But this plea is not obnoxious to the objection raised to it, that it begins in bar. It seems to have been literally copied from a plea of the same kind in *Wentworth,* and although it is headed by the word, " says that he is in no wise guilty of the trespass aforesaid, as the said *Meichel* above complains, against him," yet they are not to be considered and treated as if introduced as a material part of the plea itself, but only by way of informal protestation, which is clearly shown by the next succeeding words, " for plea says," &c· and in *Story* on Pleading, we find the same plea with the same matter prefixed with this difference only, that it is set out in the shape of a more formal protestation. And it is not a material objection to the plea, either that it is informal, as

a protestation, or that the writ is treated as a writ in trespass, when it appears from the declaration to be an action of *assumpsit,* a protestation being wholly immaterial, and of no avail in the action in which it is used, but intended only to guard the party against being concluded in another action which it has in view. Hence, a repugnant, inconsistent, idle, or superfluous protestation, does not on demurrer vitiate the plea, whatever its faults of form may be. Treating this then, as an informal protestation, wholly immaterial to the action, and not in other respects vitiating the plea, it does not infect it with duplicity, as is supposed by the demurrer.

The death of one of the parties named as a defendant in the writ, before the impetration of it, is not only proper matter of abatement, but sufficiently pleaded, the words "the said," introduced into the plea, showing *William Reed,* the person alleged to be dead, and the person named in the writ, *John Reed,* to be one and the same. And it is clearly no cause of demurrer, that the plea concludes with the prayer, that the writ may be quashed; it is the only proper conclusion of such a plea in abatement, and is not like the case of a plea in abatement, to the person of the plaintiff or defendant, showing a personal disability in one or the other, to sue or be sued, as that the plaintiff for example, is an alien enemy. Pleas of that character not falling strictly within the definition of pleas in abatement, do not " pray that the writ may be quashed," but "if the plaintiff ought to be answered, &c." But a plea of the character of this, strictly in abatement, showing a ground for quashing the original writ, properly concludes by praying " that the writ may be quashed."

The demurrers to the pleas, ought, we think, to have been overruled, and for that reason

JUDGMENTS REVERSED.